Hand v. The Nelson Distilling Co.

THOMAS HAND, Plaintiff; R. KOTTERMAN, Respondent, v. THE NELSON DISTILLING COMPANY Appellant.

St. Louis Court of Appeals, November 10, 1891.

Chattel Mortgage: SURRENDER. The voluntary surrender of a chattel mortgage, and of the note thereby secured, by the holder to the mortgagee will operate as a cancellation of the mortgage without a release thereof of record.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

*Henry B. Davis*, for appellant.

*Lubke & Muench*, for respondent.

THOMPSON, J.—The Nelson Distilling Company
sued out an attachment against Rudolph Kotterman,
and caused the same to be levied upon certain personal
property belonging to Kotterman, upon which the dis-
tilling company had previously held a chattel mortgage.
On the day on which the attachment was sued out,
the distilling company gave the chattel mortgage
and the note which the mortgage secured, to the con-
stable, and directed him to surrender it to Kotterman,
the mortgagor, which the constable did. Thereafter,
under an arrangement between the parties, the property
was sold under the attachment, and Kotterman set up
his claim to the proceeds of the sale as being exempt to
him under the statute as the head of a family. The
constable thereupon brought this interpleader suit in
the circuit court, paid the money into court, and was
exonerated. Thereafter, the court, upon the evidence
embodied in an agreed statement of facts and the
exhibits thereto, gave judgment in favor of Kotterman
establishing his right of exemption as claimed by him.
The agreed statement is as follows:

"The defendant Kotterman is, and was at the time
set out in the petition, entitled to all the exemption
rights given by statute to a married man, citizen of the
state and head of a family ; and is entitled to claim and
have exempt the fund brought into court here, unless
the facts hereinafter stated bar such claim. The judg-
ment obtained by the Nelson Distilling Company is
regular and for an amount exceeding the sum deposited

in court here, and the suit was instituted by attachment and sustained on the grounds alleged, being the fraudulent disposition of property ; that, on September 6, 1890, the defendant Kotterman gave the Nelson Distilling Company the mortgage and note annexed to this petition, and made part of this evidence ; that, on the day the Nelson Distilling Company brought said suit by attachment, it delivered the note and mortgage to the constable with instructions to deliver them to Kotterman, and the constable did so ; that the money in question arises from the sale of the property described in the mortgage. Defendant Nelson Distilling Company had, previous to the surrender of said note and mortgage, given defendant Kotterman the receipt hereto attached. The note and mortgage were the consideration of the receipt."

The terms of the chattel mortgage referred to in the agreed statement are not material. The receipt referred to therein is dated September 6, 1890, and is simply a receipt for the sum of $1,135 without other specification.

The case was submitted on this evidence. No instructions were asked or given. The court gave judgment for Kotterman, establishing his right of exemption as already stated. The judgment of the circuit court appears to have merely been the conclusion of law upon the agreed facts. It is agreed that Kotterman was entitled to his exemption in the fund, unless some of the other facts agreed to bar that right. No other facts are agreed to, which have such a tendency. While the agreed case states that the attachment was sustained on the ground of fraudulent *disposition of property*, it nowhere appears that it was sustained on the ground of the *fraudulent sale of the property attached*, so as to bring the case within the points decided by us in *State to use of Nieman v. Koch*, 40 Mo. App. 641. The argument pressed in behalf of the distilling company is, that the chattel mortgage is still existent, and

that it may claim the fund under the mortgage, to the exclusion of the exemption right of the debtor. But the agreed statement of facts shows that the distilling company have no chattel mortgage against the property of Kotterman. They chose to surrender it, and also the note which it secured, to Kotterman before proceeding by attachment. They had the clear right to do this, and he, of course, had the clear right to accept the surrender. We say "surrender," because the agreed statement used that word in its concluding part, and we must attach the legal import to it. The fact that the mortgage was not canceled of record imports nothing. The object of the record is merely to warn third parties. The mortgage would have been good between the immediate parties without any record. When the distilling company gave up the mortgage to the mortgagor, and also the note secured by the mortgage, and he received them back, the case stood as though the mortgage had never been made, for the purposes of the question here to be decided. That out of the way, the agreed statement shows that Kotterman is entitled to the fund.

The judgment of the circuit court is accordingly affirmed. All the judges concur.